Dbake, Ch. J.,
delivered the opinion of the court:
On the 18th of May, 1874, the claimant recovered in this court a judgment for the proceeds of 1,550 bales of cotton, amounting to $296,064; and the amount of that judgment was paid to him at the Treasury.
On the 17th of May, 1876, the Assistant Attorney-General, under section 1088 of the Eevised Statutes, filed on behalf of the Government a motion for a new trial, on the ground that fraud, wrong, and injustice had been done to the United States by the rendition of that judgment; and set forth in the motion the specific grounds upon which the fraud, wrong, and injustice were *197 alleged; and accompanied tlie motion with affidavits and other evidence in support thereof; and alleged that the evidence of fraud, wrong, and injustice was not known to the officers of the Government at the time of either the entry or the payment of said judgment. Up to this time this motion has remained on the docket unacted on, neither party having asked for action thereon, though it was repeatedly called for hearing.
On the 25th of February, 1878, the claimant filed a motion to dismiss the motion for a new trial, on the ground that the court, after the expiration of two years from the entry of said judgment, has no authority to grant a new trial in the case.
The decision of the question thus raised requires an examination and interpretation of the section of the Bevised Statutes under which the Government’s motion .was made, the material part of which is as follows :
“ The Court of Claims, at any time, * * * within two years next after the final disposition of such claim, may, on motion on behalf of the United States, grant a new trial * * * upon such evidence, cumulative or otherwise, as shall satisfy the court that any fraud, wrong, or injustice in the premises has been done to the United States.”
As was said by the Supreme Court of the United States, this provision is new and anomalous. It must, therefore, be interpreted by its o wn light, without any aid from judicial decisions on the general subject of new trials.
There can be no doubt that it was designed, as was also said by that court, to give the United States a considerable advantage in the litigation of cases here; and it is our duty, on the one hand, to see that the intended advantage be not lost through unsubstantial objections; and, on the other, that it be' not extended beyond the scoj)e and effect clearly contemplated by the statute.
The following propositions seem to us to be incapable of question:
1. The court’s interposition in the premises to grant a new trial can be obtained only “ on motion on behalf of the United States.”
2. Such motion must be filed in this court “ within two years next after the final disposition of the claim.”
3. The United States may file the motion “ at any time” within the two years. It may, therefore, be lawfully filed on the last day, or in the last hour, or, as to the matter of that, in the last minute of the second year.
*198 4. If filed within the two years, the court has undoubted jurisdiction of it at the time it is filed.
5. If the court then had jurisdiction, it might, at any time within the two years, grant the new trial, if satisfied that fraud, wrong, or injustice had been done to the United States.
These propositions are not understood to be at all contested by the claimant; but he contends that at the very moment the two years expired the court’s jurisdiction also expired, and was incapable of being again brought to life.
We are unable to concur in this view, for the reasons comprised in the following propositions:
1. The statute contemplates the offering of evidence in support of the motion,' the hearing and weighing of that evidence, the decision of the court as to its sufficiency to satisfy them that fraud, wrong, or injustice had been done to the United States, the announcement of that decision in open court, and the entry of the court’s judgment in its records. Until all this has been done, the design of the statute is not fulfilled.
2. The intent of the statute cannot be defeated by the mere accidents of time. To impose on the court an obligation to hear and determine a motion, and at the same time allow the motion to be filed on a day or at an hour when it would be clearly impossible to hear and determine it within the two years, would be too patent an inconsistency to be imputed to the legislative authority.
3. The design to give the United States the advantage before referred to cannot be frustrated by the chances of the comt’s being in session to hear and determine the motion within the two years. The period might expire in the vacation of the court, when it would be impracticable for weeks, or perhaps months, for the motion to be heard; and it is not supposably in the contemplation of the legislature that the right it was reserving with such jealous care to the United States should run the risk of annulment by the happening of such a contingency.
Our conclusion, then, is, that as the motion for a new trial was filed in due time; and as, beyond controversy, the court had jurisdiction of it when it was filed; and as there is no statutory declaration that action upon such a motion. shall not be taken after the expiration of two years, the right to take such action survives the lapse of that period, and it is competent for the court to hear and determine the motion whenever it shall thereafter be properly brought up.
The claimant’s motion must be overruled.